IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Criminal Action No. 3:98CR166–HEH |
| MARIO SALAS, | ) |
| Petitioner. | ) |

## MEMORANDUM OPINION
(Denying Rule 60(b) Motion)

By Memorandum Opinion and Order entered on January 29, 2002, the Court denied a motion under 28 U.S.C. § 2255 ("§ 2255 Motion") filed by Petitioner Mario Salas. (ECF Nos. 128–29.) On July 11, 2003, the United States Court of Appeals for the Fourth Circuit dismissed Salas's appeal of this denial. *United States v. Salas*, 68 F. App'x 484, 484 (4th Cir. 2003).

On March 1, 2018, the Court received from Salas "PETITIONER'S MOTION UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 60(b)(4)" ("Rule 60(b) Motion," ECF No. 182).[1] In his Rule 60(b) Motion, Salas argues that the Court's prior denial of his § 2255 Motion is void because the Court's rejection of Salas's argument

---

[1] Federal Rule of Civil Procedure 60(b)(4) provides, in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . . .
> (4) the judgment is void.

Fed. R. Civ. P. 60(b)(4).

pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "was based on the erroneous beli[ef] that for purposes of Section 2255 . . . the one-year limitation period started to run when the Fourth Circuit affirmed Salas['s] conviction." (Rule 60(b) Mot. 3.)

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207).

Under Federal Rule of Civil Procedure 60(c)(1), Salas was required to file his motion within a reasonable time after the entry of the January 29, 2002 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Salas's Rule 60(b) Motion, filed over sixteen years after the entry of the challenged judgment, was not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))). Moreover, Rule 60(b) is an extraordinary

2

remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)).

Instead of arguing why his Rule 60(b) Motion should be considered timely, Salas argues that the Court should not construe his Rule 60(b) Motion as a successive § 2255 motion. (Rule 60(b) Mot. 4–7.) Salas also argues that the Court's prior dismissal of his § 2255 Motion was incorrect because the Court found that his judgment became final on the day the Fourth Circuit affirmed his conviction on appeal, and therefore *Apprendi* was inapplicable. (*Id.* at 3, 8.) Thus, Salas fails to offer any persuasive argument as to why this Court should find that his Rule 60(b)(4) was filed within a reasonable time. *Cf. Fortune v. Clarke*, 712 F. App'x 296, 297 (4th Cir. 2018) (explaining that determination of timeliness of a Rule 60(b) motion is discretionary not jurisdictional). Salas also fails to demonstrate any such extraordinary circumstances that would warrant vacating the prior dismissal of his § 2255 Motion.[2]

---

[2] As stated above, Salas argues that the Court's prior dismissal of his § 2255 Motion was inappropriate because the Court's rejection of Salas's argument pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "was based on the erroneous beli[ef] that for purposes of Section 2255 . . . the one-year limitation period started to run when the Fourth Circuit affirmed Salas['s] conviction." (Rule 60(b) Mot. 3.) A review of the Court's Memorandum Opinion dismissing Salas's § 2255 Motion reveals that the Court explained,

> Salas cannot make a valid argument under *Apprendi* if the judgment against him became final prior to the Supreme Court's June 26, 2000 holding in that case.[] The Fourth Circuit has adopted the position that, when a defendant appeals to the Fourth Circuit but does not file a petition for a writ of certiorari with the United States Supreme Court, his or her conviction becomes final on the date the conviction is affirmed by the Fourth Circuit. *See United States v. Torres*, 211 F.3d 836, 838–39 (4[th] Cir. 2001).

3

Accordingly, Salas's Rule 60(b) Motion (ECF No. 182) will be denied. A certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
Date: May 24, 2018
UNITED STATES DISTRICT JUDGE
Richmond, Virginia

---

> In the case of Mr. Salas, the *Torres* holding effectively means that his conviction became final on April 17, 2000, when the Fourth Circuit affirmed his conviction. Since this event occurred more than two months earlier than the June 26, 2006 date of the Supreme Court's ruling in *Apprendi*, Mr. Salas' argument has no merit. *Apprendi* cannot be applied retroactively to his case.

(Rule 60(b) Mot. Ex. A at 4, ECF No. 182–1.) After the dismissal of Salas's § 2255 Motion, the United States Supreme Court overruled *Torres* and held that a judgment becomes final under 28 U.S.C. § 2255 when a defendant's time for seeking review by the Supreme Court expires. *Clay v. United States*, 537 U.S. 522, 526 (2003). Therefore, the Court construes Salas to also argue in his Rule 60(b) Motion that the Supreme Court's decision in *Clay* is an extraordinary circumstance that warrants vacating the dismissal of his § 2255 Motion. However, this argument fails for two reasons. First, the Fourth Circuit has made clear that extraordinary circumstances do not exist where there is only "a change in decisional law." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993); *see Moses v. Joyner*, 815 F.3d 163, 168 (4th Cir. 2016) (finding petitioner's Rule 60(b) motion invoking a change in habeas law not an "extra-ordinary circumstance"), *cert. denied sub nom. Moses v. Thomas*, 137 S. Ct. 1202, 197 L. Ed. 2d 249 (2017). Second, the Fourth Circuit instructs that even if extraordinary circumstances exist, a movant must still meet Rule 60(b)'s requirement of timeliness. *See Moses*, 815 F.3d at 166–68. Because Salas waited over sixteen years after the dismissal of his § 2255 Motion and fifteen years after the Supreme Court's decision in *Clay* to bring his Rule 60(b) Motion, his Motion is untimely. *See id.* at 166 (explaining that because habeas petitioner waited two-and-a-half years after the change in habeas law to bring his Rule 60(b) motion, his motion was untimely).

4